IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Catenia Mechelle Lewis,** | ) | Case No. 10-01564-TOM |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| **Catenia Mechelle Lewis,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A.P. No. 10-00056-TOM |
| | ) | |
| **1 Stop Cash, Inc.,** | ) | |
| | ) | |
| Defendants. | ) | |

*NOT INTENDED FOR PUBLICATION*

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on a Complaint Seeking Damages In Core Adversary Proceeding (hereinafter, the "Complaint")(A.P. No. 1)[1] and an Application For Default Judgment (hereinafter, the "Application")(A.P. No. 6) filed by the debtor, Catenia Mechelle Lewis (hereinafter, the "Debtor"), against 1 Stop Cash, Inc. (hereinafter, "1 Stop Cash"). Appearing at the July 8, 2010 hearing on these matters were the Debtor and her counsel, Mr. Kenneth Elmer. 1 Stop Cash, Inc. did not appear and was not represented at this hearing. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the district court's General

---

[1]References to pleadings in the main bankruptcy case are referred to as "Proceeding No.," while references to pleadings in the adversary proceeding are referred as "A.P. No."

Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.² This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).³ This Court has considered the pleadings, arguments of counsel, and the law and finds and concludes as follows.⁴

## I. FINDINGS OF FACT⁵

Debtor filed a voluntary chapter 7 bankruptcy petition on March 10, 2010. (Proceeding No. 1) On Schedule F of this petition, Debtor listed 1 Stop Cash as an unsecured creditor holding a non-priority claim. (*Id.*) 1 Stop Cash has received notice of Debtor's bankruptcy from this Court throughout this case, including notice of the meeting of creditors mailed on March 10, 2010.⁶ Furthermore, Debtor alleges that 1 Stop Cash has received notice of her bankruptcy

---

²The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

³28 U.S.C. § 157(b)(2)(A) provides:

    (b)(2) Core proceedings include, but are not limited to-
    (A) matters concerning the administration of the estate[.]

⁴This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

⁵Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

⁶Notice from this Court was mailed to 1 Stop Cash at the following address: 3457 Pelham Parkway, Pelham, Alabama 35124. (*See* Proceeding No. 9).

directly from Debtor.[7] Even so, 1 Stop Cash has allegedly made numerous post-petition attempts to collect on its claim as listed on Schedule F of Debtor's bankruptcy schedules. Specifically, 1 Stop Cash has allegedly called Debtor and left voice messages for Debtor on numerous occasions.[8]

On May 4, 2010, Debtor filed her Complaint against 1 Stop Cash. (A.P. No. 1) Debtor's Complaint alleges that Debtor's conduct as outlined above amounts to willful violations of 11 U.S.C. § 362 - the automatic stay - which have caused Debtor to suffer from "anxiety, loss of sleep, and emotional distress as a result of the defendants' willful conduct." (A.P. No. 1, at 4). As such, Debtor asserts that 1 Stop Cash is liable to her for actual damages, punitive damages, and legal fees. (*Id.*) 1 Stop Cash failed to file an answer to this Complaint or otherwise defend against it within thirty (30) days of its filing as required by the Summons and Notice of Pretrial Conference In An Adversary Proceeding (A.P. No. 2). On June 8, 2010, Debtor filed an Application For Default Judgment, which alleges that Debtor is entitled to a default judgment since 1 Stop Cash has failed to plead, answer, or otherwise defend against Debtor's Complaint.

At the July 8, 2010 hearing on the Complaint and the Application, Debtor testified that 1 Stop Cash called her numerous times at home and also called her at the school where she works

---

[7]In her Complaint, Debtor noted that she called "Stephanie," an employee of 1 Stop Cash, on or about April 19, 2010 to notify 1 Stop Cash that she had filed for bankruptcy. (*See* A.P. No. 1, at 3) During this call, Debtor provided the name and telephone number of her bankruptcy attorney so that her bankruptcy filing could be confirmed. According to her Complaint, Debtor provided similar notification of her bankruptcy to employees of 1 Stop Cash on or about April 20, 2010; April 27, 2010; and April 28, 2010. (*Id.* at 3-4).

[8]According to the Complaint, Debtor received three phone calls and three voice messages from 1 Stop Cash, each of which was an attempt at collecting the balance of 1 Stop Cash's claim. (A.P. No. 1, at 3-4) At the July 8, 2010 hearing, Debtor noted that she had received seven (7) calls from 1 Stop Cash.

3

Case 10-00056-TOM   Doc 12   Filed 07/13/10   Entered 07/13/10 11:08:23   Desc Main
Document      Page 3 of 8

as an assistant to the principal. Further, calls were made to Debtor's mother. According to the Debtor, at times the 1 Stop Cash caller was rude, shouting and "out of hand." Also at the hearing, Debtor's counsel noted that his firm had spent approximately five (5) hours prosecuting this adversary proceeding at a rate of $200.00 per hour. No testimony or evidence was presented to suggest or prove any actual damages Debtor suffered as a result of 1 Stop Cash's conduct or to provide the Court with any guidance as to what amount of punitive damages they are seeking in this case.

## II. CONCLUSIONS OF LAW

### A. Default Judgment Standard

The Application For Default Judgment and supporting affidavit filed by Debtor's counsel request the Court to enter a default judgment pursuant to Federal Rule of Civil Procedure 55, which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055. *See* Fed. R. Civ. P. 55[9] and Fed. R. Bankr. P. 7055.[10] Pursuant to Rule 55(a), an application for default judgment must prove by affidavit or otherwise a party's failure to plead or

---

[9]Federal Rule of Civil Procedure 55 provides in part:
> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> **(b) Entering a Default Judgment.**
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> > (2) By the Court. In all other cases, the party must apply to the court for a default judgment. [...]

[10]Federal Rule of Bankruptcy Procedure 7055 provides:
> Rule 55 F. R. Civ. P. applies in adversary proceedings.

Case 10-00056-TOM    Doc 12    Filed 07/13/10    Entered 07/13/10 11:08:23    Desc Main
Document    Page 4 of 8

defend. Fed. R. Civ. P. 55(a). The Application filed by Debtor's counsel complies with Rule 55(a) by setting forth in a separate affidavit 1 Stop Cash's failure to file an answer or otherwise defend against the Complaint within thirty (30) days after the date of the issuance of the Summons as required by the Summons and Notice of Pretrial Conference In An Adversary Proceeding (A.P. No. 2). In order for a default judgment to be entered pursuant to Rule 55(b), there must either be a sum certain for which the clerk may enter a default judgment, or a party must apply to the Court for entry of a default judgment, or a party must apply to the Court for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(1) and (b)(2). In this case, the damages requested in the Complaint were not for a sum certain, and the Plaintiff has properly applied to the Court for this relief. However, a motion for default due to a defendant's failure to plead is not in and of itself conclusive of the defendant's liability. *See DirecTV, Inc. v. Craig (In re Craig)*, 361 F. Supp. 2d 1339, 1341 (M.D. Ala. 2005)(citing *DirecTV. Inc. v. Huynh (In re Huynh)*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)); *DirecTV v. Trawick (In re Trawick)*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005)(citing same). Rather, the Court must find a sufficient basis for liability in the pleadings submitted and examine 1 Stop Cash's liability under the causes of action set forth in the Complaint. *Id.* Whether or not the Application is granted is within the Court's discretion. *Id.*

### B. Violations of the Automatic Stay

To provide for orderly liquidation or reorganization, the Bankruptcy Code stays, *inter alia*, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). This automatic stay arises by operation of law at the moment the bankruptcy petition is filed regardless of whether affected

Case 10-00056-TOM    Doc 12    Filed 07/13/10    Entered 07/13/10 11:08:23    Desc Main
Document      Page 5 of 8

parties have notice of the filing. 11 U.S.C. § 362(a). *See also, e.g.*, *Ford v. A.C. Loftin, et al. (In re Ford)*, 296 B.R. 537, 542 (Bankr. N.D. Ga. 2003).

Should a creditor violate the automatic stay, section 362(k)(1) of the Bankruptcy Code provides "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362(k)(1). The Eleventh Circuit has adopted a two-part test to determine whether a defendant willfully violated the automatic stay. *See Jove Eng'g, Inc. v. I.R.S. (In re Jove)*, 92 F.3d 1539, 1555 (11th Cir. 1996). The test is whether the creditor "(1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay." *Id.* There is no specific intent requirement for a violation of the automatic stay to be willful. *Caffey v. Russell (In re Caffey)*, 384 B.R. 297, 307 (Bankr. S.D. Ala. 2008). Rather, for purposes of §362(k)(1), a creditor acts willfully when he acts deliberately with knowledge of a bankruptcy petition even if his actions are not intentionally meant to violate the stay. *Id.; In re Parker*, 279 B.R. 596, 603 (Bankr. S.D. Ala. 2002). Violation of the automatic stay is presumed deliberate if the creditor has actual notice of the bankruptcy. *Spinner v. Cash In A Hurry, LLC (In re Spinner)*, 398 B.R. 84, 94 (Bankr. N.D. Ga. 2008). Upon obtaining knowledge of the bankruptcy, the creditor bears the burden of not violating the automatic stay. *In re Caffey*, 384 B.R. at 307.

In this case, Debtor scheduled her debt to 1 Stop Cash, and 1 Stop Cash received several different mailed notices from this Court throughout the case. Additionally, Debtor notified 1 Stop Cash of her bankruptcy case on several occasions and provided 1 Stop Cash the name and phone number of her bankruptcy attorney. 1 Stop Cash disregarded its notice of the case and

6

proceeded to continue its collection efforts by contacting Debtor through numerous telephone calls and voice messages. They also called her at work. As a result of these repeated collection efforts, Debtor testified that she suffered emotional distress. 1 Stop Cash has offered nothing to dispute Debtor's allegations and did not appear at the July 8, 2010 hearing. Based upon the Debtor's testimony, which this Court found to be credible, and the evidence presented at the July 8, 2010 hearing, this Court must conclude that 1 Stop Cash possessed full knowledge of the bankruptcy case and that its continued collection efforts were deliberate and willful violations of the automatic stay.

### C. Damages

#### 1. Actual Damages

Based upon the foregoing, the Court finds that 1 Stop Cash's continued efforts to collect on a pre-petition debt without any regard for the automatic stay amount to willful violations of 11 U.S.C. § 362(a)(6). Debtor is therefore entitled to actual damages, including attorneys' fees, pursuant to 11 U.S.C. §§ 362(k)(1) and 105(a) due to the violations of the automatic stay and the resulting emotion distress suffered by Debtor. *See In re Caffey*, 384 B.R. at 309 ("emotional damages qualify as 'actual damages'"). The Court finds that Debtors suffered actual damages in the amount of $500.00 for the distress and worry caused by the continued collection efforts of 1 Stop Cash. The Court further awards costs and attorneys' fees in the amount of $1,000.00.

#### 2. Punitive Damages

Section 362(k)(1) also grants this Court discretion to award punitive damages in "appropriate circumstances." 11 U.S.C. § 362(k)(1). Determining what constitutes "appropriate circumstances" is left to the Court's discretion. *See Smith v. Homes Today, Inc., et al. (In re*

7

*Smith)*, 296 B.R. 46, 56 (Bankr. M.D. Ala. 2003). Similarly, § 105(a) enables this Court to enter an order awarding punitive damages, so long as the order is "'necessary or appropriate' to carry out the provisions of the Bankruptcy Code." *See Hardy v. U.S.*, 97 F.3d at 1389-90 (citing *Jove*, 92 F.3d at 1553-54).

1 Stop Cash has been on notice of Debtor's bankruptcy since shortly after the filing of the case. For a substantial period of time, 1 Stop Cash failed to respect the automatic stay. The automatic stay provision is at the heart of the Bankruptcy Code's protective parameters for debtors, and such blatant disregard for the law as displayed by 1 Stop Cash will not be condoned by this Court.

Therefore, based upon the foregoing, the Court finds the Debtor is entitled to punitive damages of $500.00. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that Debtor's Application For Default Judgment is **GRANTED** and damages shall be and hereby are awarded against 1 Stop Cash in favor of Debtor, Catenia Lewis, in the amount of $1500.00 for actual damages and attorneys' fees and $500.00 for punitive damages.

Dated this the 13th day of July, 2010.

/s/ Tamara O. Mitchell
**TAMARA O. MITCHELL**
**United States Bankruptcy Judge**

TOM: rdt

xc:    Kenneth Elmer, attorney for Debtor
       1 Stop Cash, Inc., 3457 Pelham Parkway, Pelham, AL 35124

8

Case 10-00056-TOM    Doc 12    Filed 07/13/10    Entered 07/13/10 11:08:23    Desc Main
Document      Page 8 of 8